## KING v. MACWHYTE CO. et al.
### No. 2120.

District Court, W. D. Pennsylvania.
April 13, 1943.

James J. Burns, Jr., of Pittsburgh, Pa. for Dorothy King.

Steward & Lewis, Mahlon E. Lewis, and Harold R. Schmidt, all of Pittsburgh, Pa., for MacWhyte Co.

Nash & Mutzabaugh, of Bradford, Pa., and Lester K. Wolf and Alex. C. Tener, both of Pittsburgh, Pa., for Bradford Supply Co.

GIBSON, District Judge.

The defendant, Macwhyte Company, has moved the court to dismiss the complaint upon its allegation that it does not set forth a cause of action.

The complaint, in substance, asserts that the husband of complainant, Donald King, on May 2, 1941, bought 12 feet of galvanized iron tiller rope from the Bradford Supply Company for use in hanging a scaffold. That rope had been taken from a reel of such rope sold to said Supply Company by the Macwhyte Company and was known as 5/16 x 6/42 Strand Galvanized Iron Tiller Rope. It had been declared by its manufacturer, the Macwhyte Company, in its catalogue theretofore put out, to be capable of supporting .977 tons of 2,000 pounds. Despite this declaration the rope purchased by Donald King, while holding a scaffold with said Donald King and another (the scaffold and men weighing less than 500 pounds) broke and the occupants of the scaffold were thrown to the ground, 40 feet below, as a result of which complainant's husband died on the same day.

The complaint alleges: "That solely as a result of the negligent representations of the defendants (the Macwhyte Company and the Bradford Supply Company), or either of them, in failing to ascertain that said rope was not sufficient for the purposes for which it was sold, or in representing it to be sufficient without endeavoring to ascertain the true facts; and as a direct result of the breach of the warranty made by either or both of the defendants to Donald King, he was injured and killed as aforesaid * * *." The complaint further asserted that "said rope was not as warranted, was defective, was improperly manufactured, and was not properly inspected, but was sold to deceased in a defective condition, all of which the defendants knew or should have known, and of which they failed to advise the deceased * * *."

The defendants' motion to dismiss declares that the complaint sets forth no cause of action upon which relief can be granted.

Whether or not a cause of action is set forth by the complaint must be determined by the law of Pennsylvania. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The existence of the complaint as a pleading depends upon the sufficiency of its charge of negligence. It cannot rest upon false representations to deceased, both because none were made to him by the defendant and because no assertion of knowing or reckless falsehood on the part of the defendant is found in it. Nor can it be upheld on the ground of implied warranty by defendant because no contractual re-

lation existed between defendant and deceased. Such warranties in this State have been sustained as to the manufacturer where purchase has been made from a middleman only in respect to foods and like products which have been preserved in the form delivered by the manufacturer; and in such cases the implied warranty is pursuant to statute. And in those cases the recovery is really based upon the proof of negligence, even where the implied warranty is approved.

■ The charge of negligence in the complaint is not so direct or specific as it well might be. However it does aver that the rope was defective and had been sold in a defective condition, and had not been properly inspected. Without quoting authorities we may assert that one who sells an article inherently dangerous to another which has been negligently manufactured, or concerning whose qualities the purchaser has not been warned, is liable to that other for injury which might reasonably have been anticipated, even though contractual relations did not exist between them. And the Supreme Court of Pennsylvania in Ebbert v. Philadelphia Electric Company, 330 Pa. 257, 198 A. 323, has held that no sound distinction can be drawn between a so-called dangerous chattel and one which, although normally harmless, becomes dangerous when defective.

■ The court will deny the motion to dismiss the complaint. As tending to sustain its motion the defendant has called attention to Sierocinski v. E. I. Du Pont de Nemours & Co. 3 Cir., 118 F.2d 531, opinion by Jones, C.J. That opinion may require the consideration of this court upon trial, but was not rendered upon a pleading, but upon sufficiency of proof. The manufacturer had sold to complainant's employer certain caps, containing an explosive, which were to be attached to fuses which were connected with blasting charges. The complainant, in preparing the caps, was injured by an explosion of them, or one of them, and the suit was against the manufacturer. The complainant offered no proof of failure on the part of the manufacturer to use due care, but relied upon the explosion and accident. The opinion held that, no contractual relation existing between the complainant and the defendant, the former could not rely upon the rule of res ipsa loquitur (that is, that the cause and control of the cause of the accident being within the knowledge and control of the defendant, and that the accident could not have happened without its negligence, proof beyond the accident under such circumstances was not required). It further held that plaintiff could not rely upon the Pennsylvania rule that the plaintiff might rely upon an inference of negligence where the accident resulted from defendant's exclusive control of the instrumentality of the accident (a twin of res ipsa loquitur almost its counterpart) because the proof in the case before the court disclosed the fact that the instrumentality of the injury was not in the control of the defendant at the time of the injury.

The principles enumerated in Sierocinski v. E. I. Du Pont, supra, will control this court upon trial of the present action, but do not relate to the sufficiency of the complaint.