**MANNSZ v. MACWHYTE CO.**

**ELLIS v. SAME.**

Nos. 2120, 2592.

District Court, W. D. Pennsylvania.

April 3, 1945.

James J. Burns, of Pittsburgh, Pa., for plaintiffs.

Mahlon E. Lewis, Harold R. Schmidt, and Stewart & Lewis, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

These two cases were tried together, as they involve the same accident.

Donald King (husband of plaintiff Dorothy King Mannsz in action at No. 2120 Civil Action) and Myron R. Ellis, plaintiff in action at No. 2592 Civil Action, were working, in the course of the construction of a building at Irvine, Pennsylvania, on a scaffold which was attached by a wire rope to a channel iron at the top of the building. The rope broke, letting these two men fall to the ground. King died of the injuries then received, and Ellis suffered the injuries for which he is seeking to recover damages.

The rope which broke was 5/16 x 6/42 Strand Tiller Rope, manufactured by Macwhyte Company and sold by that Company to the Bradford Supply Company, which in turn sold sixteen feet of it to Donald King. This rope King cut into two pieces, made two loops around a channel iron at the top of the building, on which these two men were working, and through these loops placed the grapple hooks from which the scaffold was suspended.

Judge Gibson of this court had the case of King v. Macwhyte Co., 60 F.Supp. 75, on defendant's motion to dismiss the complaint. He denied that motion, stating: "The charge of negligence in the complaint is not so direct or specific as it well might be. However it does aver that the rope was defective and had been sold in a defective condition, and had not been properly inspected. Without quoting authorities we may assert that one who sells an article inherently dangerous to another which has been negligently manufactured, or concerning whose qualities the purchaser has not been warned, is liable to that other for injury which might reasonably have been anticipated, even though contractual relations did not exist between them. And the Supreme Court of Penn-sylvania in Ebbert v. Philadelphia Electric Company, 330 Pa. 257, 198 A. 323, has held that no sound distinction can be drawn between a so-called dangerous chattel and one which, although normally harmless, becomes dangerous when defective."

Judge Gibson further in his opinion called attention to the case of Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 118 F.2d 531, stating: "The principles enumerated in Sierocinski v. E. I. Du Pont De Nemours & Co., supra, will control this court upon trial of the present action, but do not relate to the sufficiency of the Complaint."

In Sierocinski v. E. I. Du Pont De Nemours & Co., supra, the Circuit Court of Appeals of this Circuit held that in Pennsylvania the duty rests on the plaintiff to prove negligence or circumstances from which the inference of negligence may reasonably be drawn, and that such negligence cannot ordinarily be inferred from the mere happening of an accident, except in cases where the doctrine of res ipsa loquitur applies, or where an inference of negligence is permissible from defendant's exclusive control of the instrumentality which inflicts the injury.

The proofs in the instant cases do not bring them within either of these exceptions. To recover in these cases the burden rested on the plaintiffs to show that the Macwhyte Company in some way failed in its obligation to the ultimate user or consumer of the wire rope which it manufactured. That obligation is to exercise reasonable care in the manufacture of any chattel, which, unless carefully made, would involve an unreasonable risk of bodily harm to a person who lawfully used it for the purpose for which it was manufactured. See Section 394 of the Restatement of the Law of Torts.

The plaintiffs offered no evidence in these two cases to show that the defendant failed in any way to exercise due care in the manufacture of this rope. The plaintiffs only offered testimony to prove that the Bradford Supply Company sold sixteen feet of 5/16 x 6/42 Strand Galvanized Tiller Iron Rope to a man identified as Donald King. There was offered in evidence as plaintiffs' Exhibit No. 1, a Macwhyte catalog of wire rope, showing that iron tiller or hand rope, 5/16 x 6/42, had a breaking strength in tons of 2000 pounds of .977, and that this rope was "used as a hand rope in connection with

the operating device of passenger and freight elevators, as steering cable on small boats and steamers, and for industrial and mining signal devices". There was no indication that galvanized-iron rope, such as was sold to King, came within these specifications, or that King ever saw this catalog. Nor was there any suggestion that this type of rope was properly usable to fasten a scaffolding apparatus to the roof of a building. There was no evidence to show that defendant was guilty of negligence in any manner, either in the manufacture of this cable, or in failure to inspect it before selling it to the Bradford Supply Company. All we have is the evidence that this galvanized-iron rope broke and let the scaffold fall to the ground. That is not sufficient ground on which to base a charge of negligence.

The motions for a new trial in these two cases will be denied. Counsel for defendant may submit orders accordingly on notice to counsel for plaintiffs.